No application is made by the West End Brewing Company to intervene.

Matter of Cullinan (Santoro Cert.), 94 App. Div. 445, cited by the respondent, has no application.

An order may be entered canceling the certificate.

Ordered accordingly.

---

Matter of the Application of JAMES ALFRED DEUEL for an Order Revoking and Canceling the Certificate of License to Traffic in Liquors Issued to JEAL F. SMITH.

(County Court, Saratoga County, August, 1907.)

Intoxicating liquors — Revocation or forfeiture of license — Grounds for forfeiting license — Want of requisite consents.

A liquor tax certificate, issued upon an application accompanied by the consent of the owners of only seven dwellings, where the application states there were twelve dwellings within the prescribed distance, was not lawfully issued and will be canceled.

Where the applicant fails to answer the question contained in the application, "Since what date have said premises been continuously occupied for such traffic in liquors?" he cannot, in answer to an application for the revocation of his license, show that the premises were so occupied on March 23, 1896.

APPLICATION for the cancellation of a liquor tax certificate.

Slade & Harrington, for petitioner.

James A. Leary, for Jeal F. Smith.

ROCKWOOD, J.   James Alfred Deuel brings this proceeding under section 28, subdivision 2, of the Liquor Tax Law, praying for an order revoking and canceling the liquor tax certificate No. 20602 issued to one Jeal F. Smith. The principal ground of the application is that the license should not have been issued to Smith, because a material statement in the application therefor was false and untrue, in that the

consents required by section 17 of the Liquor Tax Law had not been properly filed, as required by the section. An order was issued requiring Smith to show cause why said certificate should not be canceled and revoked; and, upon the return day of the proceeding, an answer was filed in substance denying the allegations of the petition. Upon the issues thus joined testimony has been taken, and the question of fact is presented for a determination.

At the outset it is to be noted that, in the original application as finally amended, it was stated that there were twelve buildings occupied exclusively as dwellings, " the nearest entrance to which is within two hundred feet, measured in a straight line, of the nearest entrance to the premises where the traffic in liquors is intended to be carried on." ' This would require the consent of nine owners of such buildings to authorize the issuance of the certificate, excluding the consent of the owner of the premises; and there were only seven consents attached to the certificate. Upon the face of the certificate, therefore, it was defective; and the certificate could not have been lawfully issued. The owner of the certificate endeavors to explain this by proof to the effect that several of the houses stated to be dwellings were in fact boarding-houses and, therefore, not required to be counted. Upon a consideration of the testimony in this respect, the court is not satisfied that the buildings were boarding-houses; the only proof upon that subject was the testimony of Michael E. McTygue and Jeal F. Smith. Mr. McTygue stated, in answer to a question by the court, that he did not in fact know that the buildings were boarding-houses and that he had no personal knowledge upon the subject. The testimony of Mr. Smith is at variance with the answers to the question in his application, which latter are by the court deemed controlling.

Were these dwellings in fact boarding-houses, it would be very easy to prove it by producing in court as witnesses the owners of the premises or the parties conducting the boarding-houses. There was no such testimony and, the burden of proof being upon the owner of the certificate to substantiate his contention, the court feels, from the testimony, that it must find that there is no sufficient evidence upon which it

could be found as a fact that the dwellings in question were boarding-houses at the time when the certificate was issued; it stands then that the application was defective upon its face.

The owner of the certificate contends that, notwithstanding this defect in the application, his license should not be canceled because traffic in liquors was actually carried on in the premises in question on March 23, 1896, and that there has been no abandonment of such traffic. The answer to this contention is, in part, contained in the application itself, in that question No. 11, reading, " Since what date have said premises been continuously occupied for such traffic in liquors? " was wholly unanswered. There was, therefore, nothing before the county treasurer to show that there had been no abandonment of the traffic, as claimed, nor was the certificate issued upon that theory. It clearly appears, both from the application itself and the statement of the county treasurer, made by consent of parties in open court during this proceeding, that the certificate was issued erroneously.

The cases submitted by counsel for the owner have been duly considered and are not deemed to be applicable to the case at bar.

An order may be entered revoking and canceling liquor tax certificate No. 20602 granted to Jeal F. Smith; and said order shall also provide that the holder of said liquor tax certificate, or any other person having said certificate in his possession or under his control, shall forthwith surrender said certificate to the county treasurer of the county of Saratoga, N. Y., or to his successor in office.

The question of costs is reserved for determination after counsel for respective parties have been heard upon the subject.

Ordered accordingly.